UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA ESTRADA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>　　　　Defendant. | Case No. ED CV 10-1843 PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). She claims that the Administrative Law Judge ("ALJ") erred by: 1) failing to develop the record regarding her hearing loss; 2) failing to properly rate the severity of her mental impairment; and 3) determining that she could work as an office helper and clerk. For the following reasons, the Court concludes that the ALJ erred and remands the case to the Agency for further proceedings consistent with this opinion.

## II. BACKGROUND

Plaintiff applied for SSI and DIB in August 2008, alleging that she had been unable to work since August 2001, due to carpal tunnel syndrome and problems with her shoulders, arms and hands. (Administrative Record ("AR") 94-101, 109.) The Agency denied the applications initially and again on reconsideration. (AR 55-59, 62-66.) Plaintiff then requested and was granted a hearing before an ALJ. (AR 67-68.) On May 18, 2010, Plaintiff appeared without counsel at the hearing and testified. (AR 20-46.) On July 20, 2010, the ALJ issued a decision, denying benefits. (AR 11-19.) After the Appeals Council denied Plaintiff's request for review (AR 1-3), she commenced this action.

## III. ANALYSIS

A.  <u>Plaintiff's Alleged Hearing Loss</u>

In her first claim of error, Plaintiff contends that the ALJ failed to discharge his duty to fully develop the record because he did not investigate her alleged hearing loss. (Joint Stip. 2-6.) For the following reasons, the Court agrees.

Plaintiff testified that she is "completely deaf in [her] right ear." (AR 26.) The ALJ noted Plaintiff's testimony but concluded that there was no objective evidence to support this claim and, therefore, her alleged hearing loss was not a medically determinable impairment. (AR 14.)

The ALJ erred in reaching this conclusion. In fact, there was some arguably objective evidence in the record establishing that Plaintiff had hearing loss: Plaintiff apparently had a hearing test, an audiogram, and, after reviewing the findings from this test, her treating doctor concluded that she was a candidate for a hearing aid.

(AR 363.)  This evidence provided objective support for Plaintiff's claim that she was experiencing hearing loss and triggered the ALJ's duty to develop the record.  *See Breen v. Callahan*, 1998 WL 272998, at *3 (N.D. Cal. May 22, 1998) ("[T]he presence of some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision" generally triggers the ALJ's duty to develop the record further") (citing *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)); *Wainwright v. Sec'y of Health & Human Servs.*, 939 F.2d 680, 682 (9th Cir. 1991)).  This is particularly true here, where Plaintiff was representing herself before the Agency.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Smolen*, 80 F.3d at 1288.  Further, the error was not harmless because the ALJ's ultimate conclusion that Plaintiff could work as an information clerk is called into question if she is unable to hear.[1]  *See Carmickle v. Comm'r*, 533 F.3d 1155, 1162 (9th Cir. 2008) (holding ALJ's error is harmless if it was inconsequential to the ultimate nondisability determination).

The Agency contends that the ALJ did not err.  It cites cases and regulations which stand for the proposition that the burden is on the claimant to prove that she is disabled.  (Joint Stip. at 7-8.)  It argues that, because Plaintiff failed to submit proof of a hearing impairment and because there was no ambiguity in the record, the ALJ's duty to supplement the record was not called into play.

Thus, as in many social security cases involving this issue, the Court is confronted with competing arguments, both supported by

---

[1] The vocational expert testified that Plaintiff would have difficulty performing the information clerk job if she could not hear in one ear.  (AR 43.)

seemingly contradictory yet controlling authority, that it was the other side's obligation to obtain the records supporting the claimant's alleged impairment.  Plaintiff argues that the ALJ has a duty to fully and fairly develop the record, citing cases like *Smolen*, 80 F.3d at 1288.  (Joint Stip. at 5.)  And the Agency counters that Plaintiff has the burden to produce evidence that she is disabled, citing cases like *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  (Joint Stip. at 7.)  In the face of these competing claims and competing authority, the Court sides with Plaintiff here because she complained that she was hard of hearing, there was objective medical evidence that this was true, and she was representing herself before the Agency.

B.   <u>Plaintiff's Alleged Mental Impairment</u>

Plaintiff argues that the ALJ erred in evaluating her alleged mental impairment, too, by: 1) determining that she did not have a severe mental impairment; 2) failing to properly rate the severity of the impairment; and 3) failing to develop the record further regarding the impairment.  (Joint Stip. 9-16.)  For the following reasons, the Court concludes that there is no merit to this claim.

Plaintiff testified that she experienced "anxiety attacks"-- caused by pain and worries about her husband not working--but was not taking any medication to treat her condition.  (AR 32, 35.)  It also appears that she had never been treated for anxiety attacks or anxiety in general.  In spite of Plaintiff's testimony about anxiety attacks, the ALJ found that Plaintiff did not have a medically determinable severe mental impairment.  (AR 13-17.)  Plaintiff contends that this was error.  The Court disagrees.  The ALJ did not fail to discharge his duty to develop the record here because Plaintiff did not present

any objective medical evidence documenting a mental impairment. *See, e.g., Breen*, 1998 WL 272998, at *3. Plaintiff's testimony alone did not trigger the ALJ's duty to develop the record on this issue, either, because, unlike the issue of Plaintiff's hearing impairment, there was no objective evidence that she suffered from anxiety attacks. Thus, the only arguable "evidence" in the record was Plaintiff's testimony. But the ALJ found that she was not credible and Plaintiff has not challenged that finding. As a result, there was no credible evidence in the record that Plaintiff suffered from anxiety and the ALJ was not obligated to further develop the record on this issue. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005); 20 C.F.R. §§ 404.1508, 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms . . . ."); Social Security Ruling 96-4p ("[R]egardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities; i.e., medical signs and laboratory findings."). Nor did the ALJ err in failing to rate the severity of Plaintiff's alleged mental impairment. The ALJ was not required to undergo the "special technique" for rating mental impairments because Plaintiff did not establish that she had a medically determinable mental impairment. 20 C.F.R. §§ 404.1520a(b), 416.920a(b).

C.  <u>The ALJ's Finding That Plaintiff Could Work As An Office Helper And Reception Information Clerk</u>

Plaintiff contends that the ALJ erred when he concluded that she could work as an office helper and reception information clerk because these jobs require her to perform functions that she is not capable of doing. (Joint Stip. 17-22, 24-25.) The Court agrees with Plaintiff in part, as explained below.

At step five of the sequential evaluation process, the Agency has the burden of establishing that a claimant is capable of performing jobs. 20 C.F.R. §§ 416.920(f),(g), 416.960(c); *see Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). This burden can be met through the use of a vocational expert. *See* 20 C.F.R. §§ 404.1566(e), 416.966(e); *see also Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). The existence of other jobs may be established by taking notice of reliable job information contained in various publications, including the Dictionary of Occupational Titles ("DOT"). 20 C.F.R. §§ 404.1566(d), 416.966(d). The DOT is the presumptive authority on the characteristics of jobs in the national economy. *Pinto v. Massanari*, 249 F.3d 840, 845-46 (9th Cir. 2001).

Nevertheless, the DOT is not the sole source of this information and the Agency may rely on the testimony of a vocational expert for information on jobs. *Johnson*, 60 F.3d at 1435. But, before relying on a vocational expert's testimony, an ALJ must inquire whether the testimony conflicts with the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007); SSR 00-4p. If it does, the vocational expert is required to provide a persuasive rationale supported by the evidence to justify the departure. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008).

In the case at bar, the ALJ found that Plaintiff could perform light work with the following limitations:

> no crawling, unprotected heights, ladders, ropes or scaffolds; frequent gross manipulation; occasional fine manipulation with bilateral upper extremities; occasional reaching at or above shoulder level with the left upper extremity; no reaching at or above shoulder level with the right upper extremity; no forceful grasping or torquing.

(AR 14.)

The ALJ called a vocational expert to testify about what Plaintiff could still do despite her limitations. (AR 18, 39-43.) The vocational expert testified that an individual with Plaintiff's abilities could work as an officer helper (DOT No. 239.567-010) and a receptionist information clerk (DOT No. 237.367-018). (AR 41.) Plaintiff claims that this testimony was inconsistent with the DOT and the vocational expert never explained why. (Joint Stip. 17-22.) In Plaintiff's view, both jobs exceed her limitations because they involve fine manipulation, reaching, and forceful grasping or torquing, which she cannot do. For the following reasons, the Court concludes that Plaintiff is partially correct.

The ALJ determined that Plaintiff was limited to occasional fine manipulation. (AR 14.) The job of office helper requires frequent fingering.[2] DOT No. 239.567-010. Like the Agency, the Court considers fine manipulation to be equivalent to "fingering" in the DOT. (Joint Stip. 22) Thus, Plaintiff's restriction to only

---

[2] The job of receptionist information clerk requires only occasional fingering and therefore does not conflict with Plaintiff's ability to perform occasional fine manipulation. DOT No. 237.367-018.

occasional fine manipulation, i.e., occasional fingering, precludes her from performing a job that requires frequent fingering. And the vocational expert did not provide any explanation for the obvious contradiction between what Plaintiff can do and what is required to perform this job. (AR 42.) Accordingly, the ALJ's determination that Plaintiff could perform the job of office helper is not supported by substantial evidence. *See Tommasetti*, 533 F.3d at 1042.[3]

Plaintiff argues that there are other inherent conflicts between her residual functional capacity and the DOT job descriptions for the office helper and information clerk jobs. She argues, for example, that both require frequent reaching, which conflicts with her restriction on reaching at or above shoulder level with her right arm and only occasionally with her left arm. The Court does not see the inherent conflict. The ability to frequently reach does not encompass the ability to frequently reach at or above shoulder level. *See Rodriguez v. Astrue*, 2008 WL 2561961, at *2 (C.D. Cal. June 25, 2008) (explaining that "reaching" in the DOT does not necessarily entail

---

[3] The Agency urges the Court to affirm the ALJ's decision, arguing that, even "though the DOT indicated that an office helper frequently engaged in fine manipulation, substantial evidence in the record supported a finding that Plaintiff could perform such activity." (Joint Stip. 23.) It argues further that the ALJ "apparently intended to adopt the medical expert's assessment that Plaintiff was capable of 'frequent' fine manipulation." (Joint Stip. 23 n.6.) The Court declines the Agency's invitation to rewrite the ALJ's decision as it can only evaluate the decision for the reasons articulated by the ALJ. *See Ceguerra v. Sec'y of Health & Human Servs.*, 933 F.2d 735, 738 (9th Cir. 1991).

reaching "at or above shoulder height"). Thus, the ALJ did not err here.[4]

## IV. CONCLUSION

For these reasons, the Agency's decision is reversed and the action is remanded to the Agency for further consideration consistent with this Memorandum Opinion and Order.[5]

IT IS SO ORDERED.

DATED: October 18, 2011.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\ESTRADA, C 1843\Memo_Opinion.wpd

---

[4] Plaintiff also complains that she is also precluded from performing these two jobs because she is unable to forcefully grasp or torque. This issue is better left to the ALJ. On remand, the vocational expert should explain whether a limitation on forceful grasping and torquing would limit the number of jobs Plaintiff could perform and why, or why not.

[5] Plaintiff asks the Court to remand the case for an award of benefits. (Joint Stip. 25.) The Court recognizes it has the authority to do so, see *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989), but concludes that such relief is not warranted here. It is not clear from the record that Plaintiff is, in fact, disabled. As the Agency noted, the ALJ may have intended to adopt a less restrictive functional capacity for Plaintiff's manipulative limitations. In addition, as discussed above, the ultimate disability determination may depend on the limitations, if any, stemming from Plaintiff's alleged hearing impairment. Thus, further proceedings are necessary to resolve the outstanding issues in this case. *See Harman v. Apfel*, 211 F.3d 1172, 1180-81 (9th Cir. 2000) (holding remand for further proceedings was appropriate where the record contained additional unanswered questions regarding the applicant's eligibility for benefits).