UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CYNTHIA ESTRADA,                    )   Case No. ED CV 10-1843 PJW
                                    )
              Plaintiff,            )
                                    )   MEMORANDUM OPINION AND ORDER
     v.                             )
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of the Social         )
Security Administration,           )
                                    )
              Defendant.            )
_____)

I. INTRODUCTION

     Before the Court is Plaintiff's appeal of a decision by
Defendant Social Security Administration ("the Agency"), denying her
applications for Supplemental Security Income ("SSI") and Disability
Insurance Benefits ("DIB").  She claims that the Administrative Law
Judge ("ALJ") erred by: 1) failing to develop the record regarding her
hearing loss; 2) failing to properly rate the severity of her mental
impairment; and 3) determining that she could work as an office helper
and clerk.  For the following reasons, the Court concludes that the
ALJ erred and remands the case to the Agency for further proceedings
consistent with this opinion.

1                              II.  BACKGROUND

2           Plaintiff applied for SSI and DIB in August 2008, alleging that

3    she had been unable to work since August 2001, due to carpal tunnel

4    syndrome and problems with her shoulders, arms and hands.  (Admini-

5    strative Record ("AR") 94-101, 109.)   The Agency denied the applica-

6    tions initially and again on reconsideration.  (AR 55-59, 62-66.)

7    Plaintiff then requested and was granted a hearing before an ALJ.  (AR

8    67-68.)  On May 18, 2010, Plaintiff appeared without counsel at the

9    hearing and testified.  (AR 20-46.)  On July 20, 2010, the ALJ issued

10   a decision, denying benefits.  (AR 11-19.)  After the Appeals Council

11   denied Plaintiff's request for review (AR 1-3), she commenced this

12   action.

13                              III.  ANALYSIS

14   A.   Plaintiff's Alleged Hearing Loss

15          In her first claim of error, Plaintiff contends that the ALJ

16   failed to discharge his duty to fully develop the record because he

17   did not investigate her alleged hearing loss.  (Joint Stip. 2-6.)  For

18   the following reasons, the Court agrees.

19          Plaintiff testified that she is "completely deaf in [her] right

20   ear."  (AR 26.)  The ALJ noted Plaintiff's testimony but concluded

21   that there was no objective evidence to support this claim and,

22   therefore, her alleged hearing loss was not a medically determinable

23   impairment.  (AR 14.)

24          The ALJ erred in reaching this conclusion.  In fact, there was

25   some arguably objective evidence in the record establishing that

26   Plaintiff had hearing loss: Plaintiff apparently had a hearing test,

27   an audiogram, and, after reviewing the findings from this test, her

28   treating doctor concluded that she was a candidate for a hearing aid.

                                     2

1   (AR 363.)  This evidence provided objective support for Plaintiff's

2   claim that she was experiencing hearing loss and triggered the ALJ's

3   duty to develop the record.  *See Breen v. Callahan*, 1998 WL 272998, at

4   *3 (N.D. Cal. May 22, 1998) ("[T]he presence of some objective

5   evidence in the record suggesting the existence of a condition which

6   could have a material impact on the disability decision" generally

7   triggers the ALJ's duty to develop the record further") (citing *Smolen*

8   *v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)); *Wainwright v. Sec'y of*

9   *Health & Human Servs.*, 939 F.2d 680, 682 (9th Cir. 1991)).  This is

10  particularly true here, where Plaintiff was representing herself

11  before the Agency.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th

12  Cir. 2001); *Smolen*, 80 F.3d at 1288.  Further, the error was not

13  harmless because the ALJ's ultimate conclusion that Plaintiff could

14  work as an information clerk is called into question if she is unable

15  to hear.[1]  *See Carmickle v. Comm'r*, 533 F.3d 1155, 1162 (9th Cir.

16  2008) (holding ALJ's error is harmless if it was inconsequential to

17  the ultimate nondisability determination).

18      The Agency contends that the ALJ did not err.  It cites cases and

19  regulations which stand for the proposition that the burden is on the

20  claimant to prove that she is disabled.  (Joint Stip. at 7-8.)  It

21  argues that, because Plaintiff failed to submit proof of a hearing

22  impairment and because there was no ambiguity in the record, the ALJ's

23  duty to supplement the record was not called into play.

24      Thus, as in many social security cases involving this issue, the

25  Court is confronted with competing arguments, both supported by

26  _____

27      [1]  The vocational expert testified that Plaintiff would have
    difficulty performing the information clerk job if she could not hear
28  in one ear.  (AR 43.)

3

1  seemingly contradictory yet controlling authority, that it was the

2  other side's obligation to obtain the records supporting the

3  claimant's alleged impairment.  Plaintiff argues that the ALJ has a

4  duty to fully and fairly develop the record, citing cases like *Smolen*,

5  80 F.3d at 1288.  (Joint Stip. at 5.)  And the Agency counters that

6  Plaintiff has the burden to produce evidence that she is disabled,

7  citing cases like *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.

8  1999).  (Joint Stip. at 7.)  In the face of these competing claims and

9  competing authority, the Court sides with Plaintiff here because she

10  complained that she was hard of hearing, there was objective medical

11  evidence that this was true, and she was representing herself before

12  the Agency.

13  B.    Plaintiff's Alleged Mental Impairment

14       Plaintiff argues that the ALJ erred in evaluating her alleged

15  mental impairment, too, by: 1) determining that she did not have a

16  severe mental impairment; 2) failing to properly rate the severity of

17  the impairment; and 3) failing to develop the record further regarding

18  the impairment.  (Joint Stip. 9-16.)  For the following reasons, the

19  Court concludes that there is no merit to this claim.

20       Plaintiff testified that she experienced "anxiety attacks"--

21  caused by pain and worries about her husband not working--but was not

22  taking any medication to treat her condition.  (AR 32, 35.)  It also

23  appears that she had never been treated for anxiety attacks or anxiety

24  in general.  In spite of Plaintiff's testimony about anxiety attacks,

25  the ALJ found that Plaintiff did not have a medically determinable

26  severe mental impairment.  (AR 13-17.)  Plaintiff contends that this

27  was error.  The Court disagrees.  The ALJ did not fail to discharge

28  his duty to develop the record here because Plaintiff did not present

4

any objective medical evidence documenting a mental impairment. *See,*
*e.g., Breen*, 1998 WL 272998, at *3. Plaintiff's testimony alone did
not trigger the ALJ's duty to develop the record on this issue,
either, because, unlike the issue of Plaintiff's hearing impairment,
there was no objective evidence that she suffered from anxiety
attacks. Thus, the only arguable "evidence" in the record was
Plaintiff's testimony. But the ALJ found that she was not credible
and Plaintiff has not challenged that finding. As a result, there was
no credible evidence in the record that Plaintiff suffered from
anxiety and the ALJ was not obligated to further develop the record on
this issue. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir.
2005); 20 C.F.R. §§ 404.1508, 416.908 ("A physical or mental
impairment must be established by medical evidence consisting of
signs, symptoms, and laboratory findings, not only by your statement
of symptoms . . . ."); Social Security Ruling 96-4p ("[R]egardless of
how many symptoms an individual alleges, or how genuine the
individual's complaints may appear to be, the existence of a medically
determinable physical or mental impairment cannot be established in
the absence of objective medical abnormalities; i.e., medical signs
and laboratory findings."). Nor did the ALJ err in failing to rate
the severity of Plaintiff's alleged mental impairment. The ALJ was
not required to undergo the "special technique" for rating mental
impairments because Plaintiff did not establish that she had a
medically determinable mental impairment. 20 C.F.R. §§ 404.1520a(b),
416.920a(b).

C.   The ALJ's Finding That Plaintiff Could Work As An Office Helper
     And Reception Information Clerk

Plaintiff contends that the ALJ erred when he concluded that she could work as an office helper and reception information clerk because these jobs require her to perform functions that she is not capable of doing. (Joint Stip. 17-22, 24-25.) The Court agrees with Plaintiff in part, as explained below.

At step five of the sequential evaluation process, the Agency has the burden of establishing that a claimant is capable of performing jobs. 20 C.F.R. §§ 416.920(f),(g), 416.960(c); *see Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). This burden can be met through the use of a vocational expert. *See* 20 C.F.R. §§ 404.1566(e), 416.966(e); *see also Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). The existence of other jobs may be established by taking notice of reliable job information contained in various publications, including the Dictionary of Occupational Titles ("DOT"). 20 C.F.R. §§ 404.1566(d), 416.966(d). The DOT is the presumptive authority on the characteristics of jobs in the national economy. *Pinto v. Massanari*, 249 F.3d 840, 845-46 (9th Cir. 2001).

Nevertheless, the DOT is not the sole source of this information and the Agency may rely on the testimony of a vocational expert for information on jobs. *Johnson*, 60 F.3d at 1435. But, before relying on a vocational expert's testimony, an ALJ must inquire whether the testimony conflicts with the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007); SSR 00-4p. If it does, the vocational expert is required to provide a persuasive rationale supported by the evidence to justify the departure. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008).

1    In the case at bar, the ALJ found that Plaintiff could perform
2  light work with the following limitations:

3    no crawling, unprotected heights, ladders, ropes or
4    scaffolds; frequent gross manipulation; occasional fine
5    manipulation with bilateral upper extremities; occasional
6    reaching at or above shoulder level with the left upper
7    extremity; no reaching at or above shoulder level with the
8    right upper extremity; no forceful grasping or torquing.

9  (AR 14.)

10    The ALJ called a vocational expert to testify about what
11 Plaintiff could still do despite her limitations.  (AR 18, 39-43.)
12 The vocational expert testified that an individual with Plaintiff's
13 abilities could work as an officer helper (DOT No. 239.567-010) and a
14 receptionist information clerk (DOT No. 237.367-018).  (AR 41.)
15 Plaintiff claims that this testimony was inconsistent with the DOT and
16 the vocational expert never explained why.  (Joint Stip. 17-22.)  In
17 Plaintiff's view, both jobs exceed her limitations because they
18 involve fine manipulation, reaching, and forceful grasping or
19 torquing, which she cannot do.  For the following reasons, the Court
20 concludes that Plaintiff is partially correct.

21    The ALJ determined that Plaintiff was limited to occasional fine
22 manipulation.  (AR 14.)  The job of office helper requires frequent
23 fingering.[2]  DOT No. 239.567-010.  Like the Agency, the Court
24 considers fine manipulation to be equivalent to "fingering" in the
25 DOT.  (Joint Stip. 22)  Thus, Plaintiff's restriction to only

26 _____

27    [2]  The job of receptionist information clerk requires only
occasional fingering and therefore does not conflict with Plaintiff's
28 ability to perform occasional fine manipulation.  DOT No. 237.367-018.

occasional fine manipulation, i.e., occasional fingering, precludes
her from performing a job that requires frequent fingering.  And the
vocational expert did not provide any explanation for the obvious
contradiction between what Plaintiff can do and what is required to
perform this job.  (AR 42.)  Accordingly, the ALJ's determination that
Plaintiff could perform the job of office helper is not supported by
substantial evidence.  *See Tommasetti*, 533 F.3d at 1042.[3]

Plaintiff argues that there are other inherent conflicts between
her residual functional capacity and the DOT job descriptions for the
office helper and information clerk jobs.  She argues, for example,
that both require frequent reaching, which conflicts with her
restriction on reaching at or above shoulder level with her right arm
and only occasionally with her left arm.  The Court does not see the
inherent conflict.  The ability to frequently reach does not encompass
the ability to frequently reach at or above shoulder level.  *See
Rodriguez v. Astrue*, 2008 WL 2561961, at *2 (C.D. Cal. June 25, 2008)
(explaining that "reaching" in the DOT does not necessarily entail

---

[3]   The Agency urges the Court to affirm the ALJ's decision,
arguing that, even "though the DOT indicated that an office helper
frequently engaged in fine manipulation, substantial evidence in the
record supported a finding that Plaintiff could perform such
activity." (Joint Stip. 23.)  It argues further that the ALJ
"apparently intended to adopt the medical expert's assessment that
Plaintiff was capable of 'frequent' fine manipulation." (Joint Stip.
23 n.6.)  The Court declines the Agency's invitation to rewrite the
ALJ's decision as it can only evaluate the decision for the reasons
articulated by the ALJ.  *See Ceguerra v. Sec'y of Health & Human
Servs.*, 933 F.2d 735, 738 (9th Cir. 1991).

1  reaching "at or above shoulder height").  Thus, the ALJ did not err

2  here.[4]

3                              IV. CONCLUSION

4       For these reasons, the Agency's decision is reversed and the

5  action is remanded to the Agency for further consideration consistent

6  with this Memorandum Opinion and Order.[5]

7       IT IS SO ORDERED.

8       DATED: October 18, 2011.

9

10                          _____
                            PATRICK J. WALSH
11                          UNITED STATES MAGISTRATE JUDGE

12

13  S:\PJW\Cases-Soc Sec\ESTRADA, C 1843\Memo_Opinion.wpd

14

15  _____

16       [4]  Plaintiff also complains that she is also precluded from
    performing these two jobs because she is unable to forcefully grasp or
17  torque.  This issue is better left to the ALJ.  On remand, the
    vocational expert should explain whether a limitation on forceful
18  grasping and torquing would limit the number of jobs Plaintiff could
    perform and why, or why not.

19

20       [5]  Plaintiff asks the Court to remand the case for an award of
    benefits.  (Joint Stip. 25.)  The Court recognizes it has the
21  authority to do so, see McAllister v. Sullivan, 888 F.2d 599, 603 (9th
    Cir. 1989), but concludes that such relief is not warranted here.  It
22  is not clear from the record that Plaintiff is, in fact, disabled.  As
    the Agency noted, the ALJ may have intended to adopt a less
23  restrictive functional capacity for Plaintiff's manipulative
    limitations.  In addition, as discussed above, the ultimate disability
24  determination may depend on the limitations, if any, stemming from
    Plaintiff's alleged hearing impairment.  Thus, further proceedings are
25  necessary to resolve the outstanding issues in this case.  See Harman
    v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir. 2000) (holding remand for
26  further proceedings was appropriate where the record contained
    additional unanswered questions regarding the applicant's eligibility
27  for benefits).

28

                                      9